**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re:<br><br>777 Partners LLC,<br><br>          Alleged Debtor. | Chapter 7<br><br><br>Case No. 26-19312 (PDR) |

**EMERGENCY MOTION REQUESTING STAY OF LATER-FILED CASES**
**PENDING DETERMINATION OF DEBTOR'S TRANSFER MOTION**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE**
**<u>1014(B) AND SECTION 105(A) OF THE BANKRUPTCY CODE</u>**
**<u>(Emergency Hearing Requested)</u>**

---

**Basis For Requested Emergency Hearing**

**The Debtors have sought emergency first-day relief in the later-filed Texas Cases, including interim DIP financing relief set for hearing on August 11, 2026, and without immediate relief the later-filed Texas Cases may materially advance, and potentially case-shaping orders may be entered, before this Court determines the Transfer Motion. The Petitioning Creditors reasonably believe that a hearing on this Emergency Motion must be held on or before August 11, 2026. The Petitioning Creditors certify that they have made a bona fide effort to resolve this matter without a hearing.**

---

Involuntary Petitioners Vida Longevity Fund, LP, Vida Insurance Credit Opportunity Fund II, LP, and Vida Insurance Credit Opportunity Fund III, LP (collectively, the "<u>Petitioning Creditors</u>"), respectfully submit this emergency motion (the "<u>Emergency Motion</u>") pursuant to Section 105(a) of title 11 of the United States Code, Section 1334 of Title 28 of the United States Code, and Rule 1014(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for entry of an order staying proceedings in the later-filed Chapter 11 cases (the "<u>Texas Cases</u>") filed by 777 Partners LLC ("<u>777 Partners</u>"), Signal National LLC, 600 Partners LLC, and certain

affiliated debtors (collectively, the "<u>Debtors</u>") in the United States Bankruptcy Court for the Northern District of Texas (the "<u>Texas Bankruptcy Court</u>"), pending this Court's determination of 777 Partners' Emergency Motion for Entry of an Order Transferring Venue to the Northern District of Texas and Granting Related Relief [Dkt. No. 15] (the "<u>Transfer Motion</u>") and any related venue issues under Bankruptcy Rule 1014(b). In support of the Emergency Motion, the Petitioning Creditors state as follows:

### Preliminary Statement

This Emergency Motion presents a narrow but fundamental question: whether the later-filed Texas Cases should be permitted to race ahead on emergency relief before this Court—***the court in which the first petition was filed***—decides the Transfer Motion and the related venue issues that 777 Partners itself has put squarely before this Court. They should not. The requested stay is temporary and procedural; it preserves the status quo and prevents the later-filed Texas Cases from materially advancing before this Court decides where these competing cases should proceed.

The Petitioning Creditors commenced this involuntary case against 777 Partners in this Court on July 16, 2026, based on judgment claims totaling $26 million and identifying Miami, Florida as 777 Partners' principal place of business. Weeks later, on August 9, 2026, the Debtors commenced voluntary chapter 11 cases in Texas.

The Debtors previously acknowledged that they intended to ask this Court to convert this case to Chapter 11 and transfer venue to the Northern District of Texas, and they stated that they do not intend to contest entry of an order for relief in this case. They have now filed the Transfer Motion, asking this Court to transfer this first-filed involuntary case to the Northern District of Texas. Yet, while asking this Court to transfer the first-filed case, the Debtors are attempting to

obtain emergency relief in Texas—which presumes they will win the venue transfer motion—before this Court decides that dispute.

That emergency relief the Debtor seeks is not merely administrative; it is case-shaping. This involuntary petition was filed to enable the Debtor's creditors to obtain litigation recoveries against Advantage Capital Holdings ("ACAP"), which has assumed control over the Debtor and its affiliates, and it has stripped assets from the Debtor and its affiliates over a period of years. The voluntary petition in the Northern District of Texas was filed for the sole purpose of frustrating that purpose for the benefit of ACAP. The Debtors' DIP financing motion seeks approval of postpetition financing and cash collateral use, priming liens, superpriority claims, stay modifications, waiver of applicable stays, good-faith lender protections, and broad releases of prepetition lenders, DIP lenders, and related parties upon entry of an interim order. A stay should be entered for several straightforward reasons. First, the stay will preserve the parties' rights while this Court decides the Transfer Motion and the proper venue for these competing cases. Moreover, it will prevent potentially conflicting or case-shaping orders from being entered in the later-filed cases before proper venue is determined. Finally, without a stay, the Debtors' emergency Texas relief could alter estate rights and creditor recoveries before the court with the first-filed case decides the venue question.

## Background

1.     On July 16, 2026, the Petitioning Creditors filed the Involuntary Petition against 777 Partners in this Court [Dkt. No. 1]. The Involuntary Petition asserts judgment claims totaling $26 million and identifies the Alleged Debtor's principal place of business as 100 SE 2nd Street, Suite 2000, Miami, Florida.

2.     The Debtors acknowledge this case in their first-day declaration filed in Texas.[1] They state that 777 Partners' deadline to respond to the Involuntary Petition is August 11, 2026, that they do not intend to contest entry of an order for relief, and that they intend to ask this Court to convert the involuntary case to chapter 11 and transfer venue to Texas.[2]

3.     On August 9, 2026, after this case was commenced and just three days before their answer was due to the involuntary petition, 777 Partners and its affiliated debtors filed voluntary Chapter 11 petitions in the Northern District of Texas.[3]   The Debtors have moved for joint administration under the case number assigned to Signal National LLC.

4.     The Debtors immediately sought emergency first-day relief in Texas, including an emergency DIP financing motion set for hearing on August 11, 2026.[4]   The proposed DIP milestones require the Debtors to file pleadings seeking transfer of the Florida case to Texas within two days after the Texas petition date, require entry of the interim DIP order within five days after the Texas petition date, and require entry of an order transferring the Florida case to Texas within thirty days after the Texas petition date.[5]

5.     Consistent with those milestones, on August 10, 2026, 777 Partners filed the Transfer Motion in this Court.  The Transfer Motion asks this Court to transfer this Involuntary Case to the Northern District of Texas, where the Debtors' chapter 11 cases are pending, and states that the Debtors' financing commitments are predicated on venue being in Texas.

6.     The proposed interim DIP relief would grant liens and superpriority claims, modify the automatic stay, waive otherwise applicable stays, provide good-faith lender protections, and

---

[1]   *See* First Day Declaration [N.D. Tex. Dkt. No. 14] at 13.
[2]   *See id.* at 63.
[3]   *See* Transfer Motion ¶ 10.
[4]   *See* First Day Declaration [N.D. Tex. Dkt. No. 14] at 76.
[5]   *See* Transfer Motion ¶ 11; DIP Credit Agreement [N.D. Tex. Dkt. No. 11, Ex. B] § 8.1(o)(ii), (iii), (v).

release the agent, prepetition lenders, DIP lenders, assignees, representatives, affiliates, and related parties from broad categories of estate claims.[6]  The immediate concern is not the routine use of cash collateral or operational financing, but the potential entry of an interim order that would release claims before creditors or any estate representative can investigate such claims.

## Jurisdiction

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1014(b).

## Relief Requested

8.      By this Motion, the Petitioning Creditors seek the entry of an order, pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1014(b), staying proceedings in the later-filed Texas Cases pending this Court's determination of the Transfer Motion and any related venue issues under Bankruptcy Rule 1014(b).

## Basis for Relief

9.      Pursuant to Bankruptcy Rule 1014(b), when petitions commencing cases are filed in different districts by, regarding, or against the same debtor or a debtor and an affiliate, the court in the district where the first-filed petition is pending may determine, "in the interest of justice or for the convenience of the parties," the district or districts in which the cases should proceed.  Fed. R. Bankr. P. 1014.  Moreover, "[t]he court in the district where the first petition is filed may order the parties to the later-filed cases not to proceed further until the motion is decided."  *Id.*  That is

---

[6]     *See* DIP Motion [N.D. Tex. Dkt. No. 11] at 8-9; Proposed Interim DIP order [N.D. Tex. Dkt. No. 11, Ex. A] ¶¶ 1, 33, 40, 42; DIP Credit Agreement § 9.23(b).

precisely the situation here: the Transfer Motion asks this first-filed Court to decide whether this Involuntary Case should remain in this Court or be transferred to Texas.

10.     The 2014 Advisory Committee Note confirms that this stay authority is procedural and venue-preserving: once the Court determines that Rule 1014(b) applies and that a stay of related cases is needed while the venue determination is made, the Court may stay the later-filed proceedings until the Rule 1014(b) motion is decided.  *See, e.g., In re Caesars Entm't Operating Co.*, No. 15-10047 (KG) (Bankr. D. Del. Jan. 14, 2015), Dkt. No. 47 (staying proceedings pending transfer determination under Rule 1014(b)).

11.     Section 105(a) independently reinforces that authority by permitting the Court to issue any order necessary or appropriate to carry out the Bankruptcy Code.  That equitable power includes relief tailored to assure the orderly conduct of these proceedings and to implement Rule 1014(b)'s first-filed venue process.

12.     Applying that standard, a stay is warranted for several reasons. First, the requested stay is short, procedural, and will not unfairly prejudice the Debtors or other parties in interest. It merely pauses the later-filed Texas Cases while this Court decides the Transfer Motion, decides the proper forum, or coordinates with the Texas Bankruptcy Court, and it preserves rather than impairs the parties' rights pending that determination.

13.     Moreover, a stay will prevent potentially conflicting or case-shaping orders from being entered in the later-filed Texas Cases before proper venue is determined.  That risk is not hypothetical.  The Debtors seek interim DIP relief that would grant liens, superpriority claims, stay modifications, stay waivers, good-faith lender protections, and broad releases before this Court determines where the cases should proceed.  And the Debtors' own Transfer Motion says that their

DIP financing depends on the cases proceeding in Texas.[7]  The requested stay is necessary because the emergency relief sought in Texas is not merely operational or administrative. If that relief is entered before this Court decides venue, the later-filed Texas Cases could effectively determine substantive estate rights and creditor recoveries before the first-filed Court has ruled on the pending venue dispute.

14.     The issuance of an order staying the later-filed Texas Cases pending determination of the venue issue also is appropriate for pragmatic reasons. Allowing the Texas Cases to proceed in the interim would cause confusion and subject the Debtors, creditors, and both affected courts to unnecessary costs arising from the duplication of efforts.  *See Frank v. Mannucci (In re Mannucci)*, No. 1:12-BK-07138, 2013 WL 3294093, at *2-3 (Bankr. M.D. Pa. June 28, 2013) (identifying creditor confusion, uncertainty over estate property, and professional-fee issues as problems created by simultaneous cases and explaining that even courts rejecting a per se bar to simultaneous cases only permit a second case to proceed when it does not interfere with administration of the first case such as where a discharge has been entered in the competing chapter 7 case and such competing case remained open only to complete administrative tasks) (citing *In re Hodruski*, 156 B.R. 353, 356 (Bankr. D. Mass. 1993)). Here, those concerns are amplified because the Debtors seek emergency Texas relief that could materially affect estate assets, creditor recoveries, and this Court's ability to decide venue on a clean record.

15.     For these reasons, the later-filed Texas Cases should be stayed now, and only for so long as necessary for this Court to decide the Transfer Motion and any related venue issues under Bankruptcy Rule 1014(b). The requested relief preserves the status quo, avoids unnecessary

---

[7]     *See* Transfer Motion at 1 ("The Debtors have obtained commitments for post-petition financing and have sought other urgent relief before the Texas court. The financing commitments are predicated on venue of the Debtors' cases being in Texas.").

duplication, and prevents emergency Texas relief from effectively deciding venue before the venue issue is heard.

### Notice

Petitioning Creditors will provide notice of this Emergency Motion to the Debtors, counsel to the Debtors in the Texas Cases, the United States Trustee in this case and in the Texas Cases, counsel to the DIP Agent and DIP Lenders, counsel to the Debtors' principal secured creditors identified in the Texas first-day pleadings, and all parties that have requested notice in this case. In light of the emergency nature of the relief requested, Petitioning Creditors submit that no other or further notice is necessary.

### Conclusion

For the foregoing reasons, Petitioning Creditors respectfully request that this Court (i) immediately enter an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein; and (ii) grant such other and further relief to the Petitioning Creditors as the Court may deem proper.

Dated: August 10, 2026

**DGIM LAW, PLLC**

By: /s/ *Daniel Y. Gielchinsky*
Daniel Y. Gielchinsky, Esq.
Florida Bar No. 97646
2875 NE 191st Street, Suite 705
Aventura, Florida 33180
Phone: (305) 763-8708
Email: dan@dgimlaw.com

-and-

**GLENN AGRE BERGMAN & FUENTES LLP**

Andrew K. Glenn (*pro hac vice* admission pending)
Kurt A. Mayr (*pro hac vice* admission pending)
Naznen Rahman (*pro hac vice* admission pending)
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 970-1601
Email: aglenn@glennagre.com
        kmayr@glennagre.com
        nrahman@glennagre.com

*Counsel to Involuntary Petitioners*

9

## <u>EXHIBIT A</u>

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **In re**<br><br>**777 Partners LLC**<br><br>    Alleged Debtor. | Chapter 7<br><br>Case No. 26-19312 (PDR) |

**ORDER GRANTING PETITIONING CREDITORS' EMERGENCY**
**MOTION REQUESTING STAY OF LATER-FILED CASES PENDING**
**DETERMINATION OF DEBTOR'S TRANSFER MOTION PURSUANT**
**TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1014(B) AND**
**SECTION 105(A) OF THE BANKRUPTCY CODE**

Upon consideration of the Petitioning Creditors' *Emergency Motion Requesting Stay of Later-Filed Cases Pending Determination of Debtor's Transfer Motion Pursuant to Federal Rule of Bankruptcy Procedures 1014(b) and Section 105(a) of the Bankruptcy Court* (the "**Emergency Motion**"),[1] filed by the Petitioning Creditors**,** and this Court having reviewed the Emergency Motion; and this Court having jurisdiction to consider the Emergency Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Emergency Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Emergency Motion having been provided; and it appearing that no other or further notice need be provided; and this Court having found and determined that the relief sought in the Emergency Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Emergency Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Emergency Motion.

IT IS HEREBY ORDERED THAT:

1.      The Emergency Motion is GRANTED.

2.      All proceedings in any chapter 11 cases that have been or may be filed by the Debtor or any of its subsidiaries or affiliates, in any bankruptcy court, subsequent to the commencement of the above-captioned chapter 7 case, including, but not limited to, those chapter 11 cases filed in the Northern District of Texas and jointly administered under the case caption Signal National LLC, Case No. 26-90190 (ELM), are hereby STAYED, pending this Court's ruling on the Transfer Motion.

3.      This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

DATE:

/s/ _____

Hon. Peter D. Russin
United States Bankruptcy Judge