UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                          Case No.: 26-19312-PDR

777 PARTNERS LLC,                               Chapter 7

     Alleged Debtor.
_____/

## ALLEGED DEBTOR'S MOTION TO CONVERT CASE TO A CHAPTER 11 CASE

The Alleged Debtor, 777 Partners LLC ("777 Partners" or the "Alleged Debtor"), hereby files this *Motion to Convert Case to a Chapter 11 Case* (the "Motion to Convert"), to the involuntary petition filed on July 16, 2026 by Vida Longevity Fund, LP (n/k/a Obra Insurance Fund, LP), Vida Insurance Credit Opportunity Fund II, LP, and Vida Insurance Credit Opportunity Fund III, LP (collectively, the "Petitioning Creditors"), and respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      This Motion is filed pursuant to section 706 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On July 16, 2026, the Petitioning Creditors filed the Involuntary Petition against the Alleged Debtor under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida.

4.      777 Partners and its affiliate, 600 Partners LLC, were founded as investment companies with operating subsidiaries and investment vehicles in numerous industries, including

36099557-5
4904-7590-3174.2

structured settlement portfolios, insurance and reinsurance, aviation, media and entertainment, and professional sports. Over time, the Texas Debtors' enterprises expanded through a complex network of affiliated entities, special purpose vehicles, reinsurers, and portfolio companies operating across the United States, Canada, Europe, South America, Australia, and the Caribbean. The Texas Debtors' growth strategy depended heavily upon continued access to external capital, including private credit markets, asset-backed lending facilities, and insurance and reinsurance financing arrangements.

5.      The Texas Debtors' capital structure and asset base were built upon financing arrangements that are now the subject of extensive civil litigation, a pending SEC civil enforcement action, and a related federal criminal prosecution—each arising out of allegations that the Texas Debtors' founders and others caused certain Debtor and non-Debtor entities to pledge the same collateral to more than one lender, divert loan and investor proceeds for personal benefit, and misrepresented 777 Partners' and 600 Partners' financial condition to investors and creditors. The unraveling of these arrangements began in 2023, accelerating events leading to the loss of substantially all of the Texas Debtors' operating sports and aviation assets and a series of adverse and escalating litigation. As a result, the Texas Debtors have been winding down their historical operations in an effort to maximize value for creditors while managing substantial, overlapping litigation exposure

6.      While originally headquartered in Miami, 777 Partners recently relocated its principal place of business to Dallas, Texas.

7.      On August 9, 2026, 777 Partners along with 23 of its affiliates (collectively, the "Texas Debtors") each filed a voluntary petition under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the Northern

4904-7590-3174.2

District of Texas, Fort Worth Division (Lead Case No. 26-90190 (ELM) (Joint Administration Pending)).

8.    The Chapter 11 Cases are the result of a coordinated, extensive winddown process that included the negotiation and execution of a fully documented debtor in possession credit agreement that will provide the Texas Debtors with approximately $14.9 million in new money under an agreement that includes prepetition funding, committed capital, negotiated milestones, and a structured Debtor-in-Possession Facility (the "DIP Facility") for the Chapter 11 Cases to proceed in the Texas Debtors' chosen forum.

9.    The DIP Facility, under which 777 Partners is a borrower, is a multi-party DIP financing with cross-default provisions and overlapping collateral pools among the Texas Debtors, and was negotiated with and committed to by the DIP Lenders based upon the express agreement that the Texas Debtors would file the Chapter 11 Cases in Texas.

10.    777 Partners has very few assets of its own—its primary assets constitute equity interests in other entities.  777 Partners owns negligible tangible assets that were formerly located in the Miami office and are now being transferred to the Dallas headquarters or will be abandoned to the landlord.

11.    The Petitioning Creditors assert claims against 777 Partners totaling approximately $26,000,000 based on an Amended Judgment. [Dkt. No. 1]. The Amended Judgment upon which the claims are based was entered only three days prior to the commencement of this involuntary case. The Petitioning Creditors assert unsecured debts in the total amount of $26,000,000, or approximately 0.96% of the Texas Debtors' total prepetition indebtedness.

12.    On August 10, 2026, 777 Partners filed an *Emergency Motion For Entry of An Order Transferring Venue to the Northern District of Texas and Granting Related Relief* (the

4904-7590-3174.2

"Motion to Transfer Venue") [Dkt. No. 15]. The Court conducted a hearing on August 11, 202 at 1:30 p.m. to consider the Motion to Transfer Venue together with a *Emergency Motion to Stay* [Dkt. No. 17] (the "Motion to Stay"). The Court took the Motion to Transfer Venue under advisement but declined to stay this case.

13. The Alleged Debtor does not contest the Involuntary Petition; however, the Alleged Debtor respectfully requests that any order for relief be entered under chapter 11 of the Bankruptcy Code, rather than chapter 7 as requested in the Involuntary Petition.

## RELIEF REQUESTED AND BASIS FOR RELIEF

### A. *Legal Standard*

14. Bankruptcy Code § 706(a) provides that in a case that has not previously been converted, a "debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time." 11 U.S.C. § 706(a)[1].

15. Section 706(b) of the Bankruptcy Code further provides that a chapter 7 case may be converted to a case under chapter 11 "[o]n request of a party in interest and after notice and a hearing." 11 U.S.C. § 706(b). In determining whether to convert a case under § 706(b), courts have determined that such conversion is at the discretion of the bankruptcy court, "based on *what will most inure to the benefit of all parties in interest*" and by considering "anything relevant that would further the goals of the Bankruptcy Code." *In re Baker*, 503 B.R. 751, 755 (Bankr. M.D. Fla. 2013) (emphasis in original).

---

[1] While Section 706(d) limits the right to convert by providing that "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter" 11 U.S.C. § 706(d). The Eleventh Circuit has held that § 706(d) allows a bankruptcy court to deny a motion to convert a case when "cause" exists to convert or dismiss a case under § 1112(b). *In re Daughtrey*, 896 F.3d 1255, 1276 (11th Cir. 2018) (citing *Marrama v. Citizens Bank*, 549 U.S. 365, 374 (2007)). However, the burden to establish "cause" to deny conversion is on a party objecting to the debtor's request to convert the case. *In re Basil Street Partners, LLC*, 477 B.R. 856, 862 (Bankr. M.D. Fla. 2012).

4904-7590-3174.2

16.     Factors courts review when making a determination under § 706(b) include: (1) the debtor's ability to pay; (2) whether conversion would result in dismissal or re-conversion under § 1112(b); (3) whether the debtor is likely to be able to confirm a chapter 11 plan; and (4) benefits of the conversion to the various parties in interest, including the debtor and creditors. *In re Hardigan*, 490 B.R. 437, 445–46 (Bankr. S.D. Ga. 2013); *see In re Baker*, 503 B.R. at 755–58 (analyzing the various factors). Conversion is appropriate where it will maximize the bankruptcy estate and provide a larger distribution to creditors than would be available in a chapter 7 case, as well as provide a debtor with the ability to address the claims against it under a chapter 11 plan, conversion is appropriate. *See In re Baker*, 503 B.R. at 758–60 (determining that conversion would benefit creditors and the debtor and granting the motion to convert over a debtor's objection).

17.     The Alleged Debtor submits that relief under chapter 11 is in the best interests of the Alleged Debtor, its estate, its creditors, and all parties in interest, and requests that the Court convert the case to a chapter 11 case prior to entering the order for relief in order to maximize the value of the Alleged Debtor's bankruptcy estate.

### B. This Case is Due to be Converted to Chapter 11 under § 706(a)

18.     The Alleged Debtor meets the requirements to convert this case under § 706(a) – the case has not previously been converted, the Alleged Debtor is eligible to be a debtor under chapter 11, as evidenced by its voluntary chapter 11 petition that was filed in the Texas Bankruptcy Court.

19.     Thus, the Alleged Debtor has a right to convert this case to a chapter 11 case prior to entry of the order for relief. *See In re Basil Street Partners, LLC*, 477 B.R. at 865 (noting that an alleged debtor's "decision to convert its case to chapter 11 effectively mooted all pending issues related to the involuntary chapter 7 proceeding" so that no order for relief would be entered in the

chapter 7 proceeding because the order converting the case "constitutes an order for relief under § 348(a).").

### C. *The Court Should Exercise Its Discretion and Convert this Case to a Chapter 11 Case under § 706(b) Because it Inures to the Benefit of All Interested Parties*

20. Alternatively, the Alleged Debtor asserts that conversion of this case is appropriate and inures to the benefit of all parties in interest so that the Court should exercise its discretion and convert the case to a chapter 11 case under § 706(b).

21. Converting this case to a chapter 11 case is in the best interest of the creditors of 777 Partners because the Alleged Debtor's assets are primarily equity interests in other entities. Allowing 777 Partners to participate in the joint administration of the Chapter 11 Cases in the Texas Bankruptcy Court will maximize the value of these assets and provide a greater distribution to its creditors than allowing this separate chapter 7 case to proceed. If this case proceeds as a chapter 7, the chapter 7 trustee would likely need to hire Texas counsel to participate in Chapter 11 Cases, which is inefficient at best, and results in increased administrative expenses both through the need for Texas counsel as well as the payments to the chapter 7 trustee. These increased expenses will further reduce any funds available for a distribution to the creditors of 777 Partners.

22. Conversion of this case will also benefit the Alleged Debtor, by allowing it the benefit of the funds from the DIP Facility and participation in the extensively planned, structured winddown with its interrelated enterprises. Additionally, conversion of this case will prevent triggering the cross-default provisions of the DIP Facility that would jeopardize this case if it remains a chapter 7. Finally, allowing this case to proceed as a chapter 7 while the Alleged Debtor's affiliates proceed with the Chapter 11 Cases in the Texas Bankruptcy Court will create immense logistical, administrative, operational, and legal complications and inefficiencies to the Alleged Debtor as well as to the remaining Texas Debtors, who are parties in interest to this case.

4904-7590-3174.2

23.     For the foregoing reasons, conversion of this chapter 7 case to a chapter 11 case prior to entry of the order for relief will benefit all the parties in interest in this case.

24.     For these same reasons, contemporaneously with this Answer, the Alleged Debtor is filing a Motion to Transfer Venue requesting that this case be transferred to the Texas Bankruptcy Court, so that the case will be jointly administered with its affiliates' Chapter 11 Cases.

## CONCLUSION

WHEREFORE, the Alleged Debtor respectfully requests that this Court enter an order for relief under chapter 11 of the Bankruptcy Code; and grant such other and further relief as this Court deems just and proper.

Dated:  August 11, 2026

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for the Alleged Debtor*
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ Jordi Guso*
        Jordi Guso
        Florida Bar No. 863580
        jguso@bergersingerman.com
        Erin M. Hoskins
        Florida Bar No. 1003283
        ehoskins@bergersingerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August 11, 2026, electronically through the Court's CM/ECF system upon all parties listed on the Electronic Mail Notice List.

By: */s/ Jordi Guso*
        Jordi Guso

7

4904-7590-3174.2

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Elizabeth R Brannen**    ebrannen@stris.com
- **Tulio D. Chirinos**    tchirinos@chirinoslawfirm.com
- **Daniel Gielchinsky**    dan@dgimlaw.com,
  colleen@dgimlaw.com;dan_1836@ecf.courtdrive.com;eservice@dgimlaw.com
- **Jordi Guso**    jguso@bergersingerman.com,
  fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- **Erin M Hoskins**    ehoskins@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.courtdrive.com
- **Eric D Jacobs**    edjacobs@venable.com,
  btraina@venable.com,btraina@ecf.courtdrive.com,tpetrie@venable.com;imalcolm@venable.com
  ;ipmalcolm@venable.com;imalcolm@ecf.courtdrive.com
- **Juan J Mendoza**    jmendoza@sequorlaw.com,
  ngonzalez@sequorlaw.com,4808151420@filings.docketbird.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov

8

4904-7590-3174.2